# EXHIBIT 3



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
December 13, 2017 11:02

By: AARON MINC 0086718

Confirmation Nbr. 1249230

| | |
|---|---|
| MASSIMO LA ROSA | CV 17 890341 |
| vs. | |
| JONATHAN ALLEN, ET AL | Judge: BRENDAN J. SHEEHAN |

Pages Filed: 11

IN THE COMMON PLEAS COURT
OF CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MASSIMO LA ROSA<br>3360 Kersdale Road<br>Pepper Pike, Ohio 44124<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN ALLEN<br>60 Tartan Drive<br>North Liberty, Iowa 52317<br><br>-and-<br><br>ABBIE CONANT<br>114 Los Pandos Road<br>Taos, New Mexico 87571<br><br>-and-<br><br>JOHN DOES 1-10<br>Address Unkown<br><br>Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF**<br><br>(JURY DEMAND ENDORSED HEREIN) |

Plaintiff Massimo La Rosa ("Plaintiff"), for his Complaint against Defendants Jonathan Allen ("Defendant Allen"), Abbie Conant ("Defendant Conant"), and Defendants John Does 1-10 ("John Doe Defendants") (collectively "Defendants"), states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a resident of Cuyahoga County, Ohio, currently residing at the above captioned address.

2. Defendant Allen is, upon information and belief, a resident of Johnson County,

Iowa, currently residing at the above captioned address.

3. Defendant Conant is, upon information and belief, a resident of Taos County, New Mexico, currently residing at the above captioned address.

4. Plaintiff does not know the true names or capacities of Defendants sued herein as John Does 1-10, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to state the true names and capacities of the John Doe Defendants once Plaintiff discovers this information. Plaintiff is informed and believes, and upon that basis alleges that Defendants sued herein by fictitious names are in some way liable or responsible to Plaintiff on the facts alleged herein.

5. Acting directly and/or by an agent, Defendants have collectively and individually, through a persistent and continuous course of conduct, caused tortious injury by acts committed both inside and outside of this state with the purpose of injuring Plaintiff in this state, and reasonably expecting the injuries which are stated in this complaint would result to Plaintiff in this state.

6. This Court has jurisdiction over the subject matter and parties of this action as it is a location where the harm complained of herein has primarily occurred and been suffered by Plaintiff.

### FACTUAL ALLEGATIONS

7. Plaintiff incorporates the allegations and averments of paragraphs 1-6 as if fully restated herein.

8. Plaintiff is a world-renowned musician / trombonist, currently serving as principal trombone for The Cleveland Orchestra and currently employed as a member of the faculty of the Cleveland Institute of Music ("CIM"), who has an excellent reputation in the musical profession

and his community.

9. Defendants Allen and Conant are also professional musicians / trombonists.

10. Defendant Conant is a self-described 'activist' who seeks to aggressively attack any instances of what she subjectively perceives to be gender bias against women in the music profession / industry, and tortuously injure the individuals she unilaterally deems to be guilty of any such perceived gender bias.

11. Defendant Allen is currently a Lecturer in Trombone at the University of Iowa.

12. Plaintiff is informed and believes, and upon that basis alleges that Defendants have had continual discussions and have been 'brainstorming' for several years relative to adverse actions they desire to be taken against Plaintiff within his profession and personal life, and have concocted multi-faceted plans and strategies to achieve such end goals.

13. Plaintiff is informed and believes, and upon that basis alleges that Defendants have combined their efforts to attempt to execute a malicious plan to publish and continually re-publish false and defamatory statements about Plaintiff and engage in deceptive trade practices with the specific intent to unlawfully harass Plaintiff, severely harm his professional reputation, interfere with his contracts, and otherwise cause him tortious injury both in Cuyahoga County and elsewhere.

14. On or about September 7, 2017 and prior thereto, Defendant Allen published and re-published false and defamatory statements about Plaintiff on social media and elsewhere, including the Facebook group "Trombone Pedagogy" ("the FB Pedagogy Group"), which has over 5,000 members, as well as the Reddit "Trombone" sub-forum under the pseudonym "DrPosaune" (collectively "the Allen Statements"). The Allen Statements were received by members of Plaintiff's profession worldwide, as well as local musicians, educators and other professional

Electronically Filed 12/13/2017 11:02 / / CV 17 890341 / Confirmation Nbr. 1249230 / CLKMG

colleagues of Plaintiff.

15. The Allen Statements alleged, *inter alia*, that Plaintiff had engaged in a pattern of professional misconduct, criminal wrongdoing, and morally repugnant behavior. More specifically, the Allen Statements falsely alleged that Plaintiff, who is married, had committed and was criminally culpable for multiple sexual assaults on numerous college campuses Plaintiff had been invited to as a guest instructor.

16. Plaintiff has never been criminally charged with, or even criminally investigated for, any such criminal behavior or other crimes of moral turpitude.

17. Through the Allen Statements, Defendant Allen also offered to speak directly with any member of the FB Pedagogy Group, or anyone else, who wished to have a "more candid discussion" about Plaintiff. Upon information and belief, such conversations did occur as a result of Defendant Allen's invitation.

18. On or about September 7, 2017, Defendant Conant both supported and affirmed the truth of the Allen Statements and also shared and re-posted/re-published on her own Facebook page the same false and defamatory statements about Plaintiff which Defendant Allen had posted/published in the FB Pedagogy Group. More specifically, Defendant Conant alleged that Plaintiff had engaged in "sick" and criminal behavior, including sexual assault, and encouraged others to stage protests outside Plaintiff's place of employment as well as make the Allen Statements "go viral" for the specific purpose of causing Plaintiff to be shunned and ostracized in his profession and at his places of employment

19. On or about December 10, 2017, Defendant Conant authored yet another Facebook post (collectively with the statements referenced in paragraph 18, "the Conant Statements") in which she falsely alleged that, while the Cleveland Orchestra was performing at the University of

4

Iowa in the Spring of 2016 or 2017, where Defendant Allen is employed as a Lecturer, "[t]he police showed up at a rehearsal before the concert and escorted [Plaintiff] off the campus." Plaintiff did not attend any rehearsal by the Cleveland Orchestra at the University of Iowa in the Spring of 2016 or 2017.

20. The Allen Statements and the Conant Statements (collectively, "the Statements") are intended to cause and in fact have caused a lynch mob reaction of dislike and hatred of Plaintiff. The Statements have further caused threats of physical violence directed towards Plaintiff by others who have read and believed the Statements, thereby placing Plaintiff in reasonable apprehension of serious bodily injury.

21. The Statements caused individuals viewing the same, including John Does 1-10 named herein, to further publish, repeat, and disseminate false and defamatory accusations about Plaintiff to others.

22. Plaintiff is informed and believes and, upon that basis alleges that Defendants discussed and planned the Statements prior to publication and re-publication, including the manner and forum in which the Statements would be published and re-published, to whom the Statements would be communicated and disseminated, and for what purpose.

23. As Defendants intended, the Statements have directly caused the cancellation of invitations for Plaintiff to instruct and perform professionally, and other career opportunities.

24. Defendants have directly contacted and communicated the same false and defamatory statements to Plaintiff's employers, including but not limited to the Cleveland Orchestra and the Cleveland Institute of Music, as well as other potential employers, with the specific intent to cause Plaintiff's contracts and employment to be terminated.

25. Defendants have directly contacted and communicated the same false and

5

defamatory statements to Plaintiff's sponsors with the specific intent to cause those sponsors to discontinue any and all contracts and other business dealings with Plaintiff.

26. Defendants have directly contacted and communicated the same false and defamatory statements to professional associations of which Plaintiff is or was a member, including but not limited to the International Trombone Association, with the specific intent that those professional associations cancel Plaintiff's memberships.

27. Defendants have directly contacted and communicated the same false and defamatory statements to other institutions and organizations who had previous and prospective business dealings with Plaintiff with the specific intent that those institutions and organizations cease any and all relationships and contact with Plaintiff.

28. Plaintiff is informed and believes, and upon that basis alleges that the same false and defamatory statements have been published previously by the Defendants and communicated by Defendants to Plaintiff's employers and others with the intent to interfere with Plaintiff's professional and business dealings and cause him tortious injury.

## COUNT I – CIVIL CONSPIRACY

29. Plaintiff incorporates the allegations and averments of paragraphs 1-28 as if fully restated herein.

30. Defendants maliciously combined to engage in extreme and outrageous conduct with the intent of causing injury to Plaintiff and with a state of mind, both collectively and individually, that was characterized by hatred, ill will and/or a spirit of revenge.

31. The conduct of and actions taken by Defendants were done in a way not competent for one alone to have committed.

32. Defendants' malicious combination involved the existence of unlawful acts

independent from the actual conspiracy.

33. As a direct and proximate result of the Defendants' malicious combination, Plaintiff has suffered and sustained, and will indefinitely continue to suffer and sustain, both economic and non-economic damages including, but not limited to, loss of capital and revenue, lost productivity, expenses incurred, loss of intangible assets, significant reputational harm, severe emotional distress, mental anguish, and pain and suffering.

## COUNT II - DEFAMATION

34. Plaintiff incorporates the allegations and averments of paragraphs 1-33 as if fully restated herein.

35. Defendants published/re-published and/or caused to be published/re-published the Statements, which were about Plaintiff and/or reasonably understood to refer to Plaintiff.

36. The Statements, which accuse Plaintiff of professional misconduct, criminal wrongdoing, and morally repugnant behavior, are defamatory per se, as they are disparaging and impugn Plaintiff's reputation, and injuriously affect Plaintiff in his trade and profession.

37. The Statements are false and defamatory because they do not accurately describe real events that actually involved Plaintiff.

38. Defendants authored and/or published/re-published the Statements without privilege, consent, or any other form of authorization.

39. The Statements were authored and/or published/re-published with the requisite degree of fault in that the Statements were authored and/or published/re-published with actual malice in that the statements were made with Defendants' knowledge of their falsity, or with reckless disregard as to the veracity of the statements.

40. The Statements were authored and/or published/re-published with actual malice as

Defendants' state of mind, both collectively and individually, was characterized by hatred, ill will or a spirit of revenge.

41. The Statements were specifically directed and communicated to people in Cuyahoga County, Ohio for the purpose of damaging Plaintiff's personal and professional reputation in his community, and causing him to incur other economic and non-economic damages. Plaintiff is informed and believes, and upon that basis alleges that the Statements have been read and received by third persons in the state of Ohio and throughout Cuyahoga County.

42. As a direct and proximate result of the Statements, Plaintiff has suffered and sustained, and will indefinitely continue to suffer and sustain, both economic and non-economic damages including, but not limited to, loss of capital and revenue, lost productivity, expenses incurred, loss of intangible assets, severe emotional distress, mental anguish, and pain and suffering.

## COUNT III – TRADE LIBEL - DECEPTIVE TRADE PRACTICES (R.C. Ch. 4165)

43. Plaintiff incorporates the allegations and averments of paragraphs 1-42 as if fully restated herein.

44. Defendants, in the course of their businesses, vocations, or occupations have disparaged the goods, services, and business of Plaintiff and otherwise violated R.C. 4165.02.

45. Through the Statements, Defendants have disparaged the goods, services, and business of Plaintiff by false representations of fact in violation of Section 4165.02 of the Ohio Revised Code and common law.

46. As a direct and proximate result of Defendants' deceptive trade practices, Plaintiff has suffered and sustained, and will indefinitely continue to suffer and sustain, both economic and non-economic damages including, but not limited to, loss of capital and revenue, lost productivity,

expenses incurred, loss of intangible assets, severe emotional distress, mental anguish, and pain and suffering.

## COUNT IV – CIVIL HARRASMENT (R.C. 2917.21)

47. Plaintiff incorporates the allegations and averments of paragraphs 1-46 as if fully restated herein.

48. Defendants knowingly made or caused to be made telecommunications and/or knowingly permitted a telecommunication to be made from a device under the person's control in a manner which violated R.C. 2917.21.

49. Defendants knowingly incited other persons through a telecommunication to harass or participate in the harassment of Plaintiff and his employers and professional colleagues.

50. As a direct and proximate result of Defendants' violation of R.C. 2917.21, Plaintiff has suffered and sustained, and will indefinitely continue to suffer and sustain, both economic and non-economic damages including, but not limited to, loss of capital and revenue, lost productivity, expenses incurred, loss of intangible assets, significant reputational harm, severe emotional distress, mental anguish, and pain and suffering.

WHEREFORE, Plaintiff Massimo La Rosa demands judgment against Defendants, jointly and severally, as follows:

    I. On Count I, compensatory damages in excess of $25,000, punitive damages, attorney fees, costs, pre and post-judgment interest, and any and all other relief, both at law and in equity, this Court is empowered to grant.

    II. On Count II, a decree of this Court that the statements are false and defamatory, compensatory damages in excess of $25,000, punitive damages, attorney fees, costs, pre and post-judgment interest, and any and all other relief, both at law and in equity, this Court is empowered to grant.

III. On Count III, compensatory damages in excess of $25,000, punitive damages, attorney fees, costs, pre and post-judgment interest, and any and all other relief, both at law and in equity, this Court is empowered to grant.

IV. On Count IV, compensatory damages in excess of $25,000, punitive damages, attorney fees, costs, pre and post-judgment interest, and any and all other relief, both at law and in equity, this Court is empowered to grant.

V. On Counts I-IV, preliminary and permanent injunctive relief, both mandatory and prohibitory, that the Defendants are:

   a. prohibited from creating or publishing statements about Plaintiff, Plaintiff's family, agents, servants, attorneys, representatives, products, goods, or services which defame, disparage, or contain libelous statements about Plaintiff; and,

   b. ordered to take all actions necessary to remove any of the false and defamatory statements published from the Internet, including but not limited to, requesting removal of the statements from the website where they are posted and from Internet search engines, including Google, Yahoo!, and Bing, and the website where the Statements are published.

Respectfully submitted,

MINC LLC


/s/ Aaron M. Minc
AARON M. MINC (0086718)
   *aminc@minclaw.com*
DANIEL A. POWELL (0080241)
   *dpowell@minclaw.com*
100 North Main Street, #300
Chagrin Falls, Ohio 44022
Phone: (216) 213-6752
Fax: (216) 831-0542

**Counsel for Plaintiff**

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues not determinable as a matter of law.

/s/ Aaron M. Minc
AARON M. MINC (0086718)

*Counsel for Plaintiff*

## INSTRUCTIONS FOR SERVICE

The Clerk of Court is instructed to issue service of this Complaint upon the above-named Defendants at the above stated addresses via certified U.S. Mail, return receipt requested.

/s/ Aaron M. Minc
AARON M. MINC (0086718)

*Counsel for Plaintiff*