UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MASSIMO LA ROSA, | ) | CASE NO. 1:18-CV-00095 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| | ) | |
| JONATHAN ALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT ABBIE CONANT'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE EXHIBITS UNDER SEAL

Prior to the removal of this case, Plaintiff Massimo La Rosa filed a Motion for Preliminary Injunction (the "PI Motion") in the Cuyahoga County Court of Common Pleas. (Doc. No. 1-8). Therewith, Plaintiff filed a Motion to File Exhibits Under Seal (the "Motion to Seal"), seeking to seal certain Exhibits to the PI Motion and requesting a continuing order that "any and all other evidentiary materials other than affidavits, whether submitted by Plaintiff or Defendants, be filed under seal." (Doc. No. 1-7).

Now that Plaintiff has filed a public Complaint in which he calls Defendant Abbie Conant ("Ms. Conant") a liar and "self-described 'activist'" intending to cause "a lynch mob reaction of dislike and hatred of Plaintiff," he asks that the alleged statements on which his claims are based be kept private, and he asks that Ms. Conant present her defense—which will include showing that the statements are true—in the dark. Plaintiff's position is in direct opposition to long-established law and policy. Accordingly, Ms. Conant respectfully requests that the Court deny Plaintiff's Motion to Seal.

## ARGUMENT

"The courts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

**A.    The Minimal Authority Cited In Plaintiff's Motion To Seal Does Not Meet Plaintiff's Burden Or Support Plaintiff's Position.**

As part of Plaintiff's burden, "[t]he proponent of sealing . . . must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Group*, 825 F.3d at 305–06 (internal quotation omitted). Plaintiff does nothing of the sort, analyzing no documents and citing only two sources of authority. The first is *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), which Plaintiff cites for the proposition that documents may be sealed where "disclosure may be used to gratify private spite or promote scandal" or where "the records may be reservoirs of libelous statements for press consumption." (Motion to Seal at 34). This proposition is both misleadingly presented and inapplicable here. The *Nixon* Court's language about disclosure being "used to gratify private spite or promote scandal" is explicitly tied to "the painful and sometimes disgusting details of a divorce case." 435 U.S. at 598. And the subject Exhibits to Plaintiff's PI Motion are not "reservoirs of libelous statements for press consumption," they are the statements at the heart of this case. *See Selling Source, LLC v. Red River Ventures, LLC*, 2:09-CV-01491-JCM, 2011 WL 1630338, at *7 (D. Nev. Apr. 29, 2011) (allegedly libelous material may be sealed only where "the material at issue includes **admittedly false allegations** that could realistically be used for libelous purposes") (emphasis added).

2

Moreover, it is an understatement that *Nixon* and this case are materially different. Indeed, *Nixon* effectively demonstrates the extraordinary circumstances necessary to rebut the strong common-law presumption against sealing judicial records: the criminal trial of several former advisers of the President of the United States, in which television networks and other media sources seek to broadcast and sell tape recordings of private conversations recorded in the White House, where an alternative avenue for public access (the Presidential Recordings and Materials Preservation Act) already exists. *See id.*

The second and final authority cited in Plaintiff's Motion, *in re Knoxville*, is also factually inapposite. There, private bank records were sealed not to protect the bank, but to protect private, third-party customers who were uninvolved with the litigation. 723 F.2d at 477. Another important difference between *Nixon* and *Knoxville* and this case is that they involve the press itself seeking disclosure, not a plaintiff seeking to prosecute his claims in the dark.

**B.     Reputational Harm Is Insufficient To Justify Sealing Court Records.**

Obliquely, Plaintiff suggests that harm to his reputation supports sealing the evidence in this case, but reputational harm "is simply not the sort of harm that sealing the court's record is aimed to prevent." *Rudd Equipment Company, Inc. v. John Deere Construction & Forestry Company*, 834 F.3d 589, 594 (6th Cir. 2016) (noting that plaintiff "cannot point to any trade secret, or privacy right of third parties, that a seal might legitimately protect" and that simply showing reputational harm "is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records"). *Id.* (internal quotation omitted); *see also Karl v. Bizar*, CIV.A. 2:09-CV-34, 2009 WL 3644115, at *3 (S.D. Ohio Oct. 28, 2009) ("[C]laimed harm to one's reputation or injury to one's standing in the community does not warrant a deviation from the strong presumption of public access."). Reputational harm is an "especially" weak argument

in favor of sealing records where, as in this case, "the entity alleging harm from publicizing the mere existence of this case is the plaintiff—the party that chose to file suit." *Id.*

C.  **Public Interest In This Case Makes Sealing Court Records Less Appropriate, Not More Appropriate.**

Similarly erroneous is Plaintiff's suggestion that public interest in this case justifies sealing the records. (Motion to Seal at 35). To the contrary, "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). As it were, Ms. Conant agrees with Plaintiff that the public interest in cases involving multiple allegations of employment-related sexual misconduct by a powerful and well-known member of the community is considerable.

D.  **Improper And Without Support In Any Event, Plaintiff's Motion Is Also Extraordinarily Overbroad.**

Lastly, Ms. Conant underscores that Plaintiff is not only seeking, without good cause, an order sealing specific Exhibits to his PI Motion, but also an order sealing all unidentified future evidence (other than affidavits, as Plaintiff has already public filed two of the self-serving variety) for the duration of this case. This is manifestly improper. "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Group*, 825 F.3d at 305. Plaintiff makes no attempt whatsoever to narrowly tailor his seal request.[1] Indeed, it is impossible to, as *Shane Group* requires, analyze **unidentified future evidence** "in detail, document by document, [for] the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06. And Plaintiff cannot

---

[1] Plaintiff notes that the identity of an alleged victim of sexual assault by Plaintiff will be revealed in one of Plaintiff's putative Exhibits to his PI Motion. (Motion to Seal at 35). To prevent this, rather than sealing all non-affidavit evidence in the entirety of the case, a properly tailored rule would be for the parties to, unless and until otherwise directed by the Court, redact all but the first and last initials of all alleged victims of sexual assault by Plaintiff in any filing.

4

possibly know, much less show, that unknown documents will be *Nixon*ian "reservoirs of libelous statements." The breadth of relief Plaintiff desires shows his true objective: to impose a gag order upon Ms. Conant, even if—as she will show—her statements are true.

For the foregoing reasons, Ms. Conant respectfully requests that the Court deny Plaintiff's Motion to Seal.

Respectfully submitted,

*/s/ Matthew J. Chisman*
Steven S. Kaufman (0016662)
Chad D. Cooper (0074322)
Matthew J. Chisman (0086972)
Kaufman & Company, LLC
1001 Lakeside Avenue, Suite 1710
Cleveland, OH 44114
216-912-5500 (phone)
216-912-5501 (facsimile)
steve.kaufman@kaufman-company.com
chad.cooper@kaufman-company.com
matthew.chisman@kaufman-company.com

*Counsel for Defendant Abbie Conant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on January 25, 2018.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

*/s/ Matthew J. Chisman*
*One of the Attorneys for Defendant Abbie Conant*